## BLUE v. STATE.
### 6 Div. 282.

Court of Appeals of Alabama.
Feb. 21, 1933.

Festus F. Windham, of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, Presiding Judge.

■ The corpus delicti was fully proven by the undisputed evidence in this case. It disclosed that within the jurisdiction of the trial court a still of large capacity was found, "raided," and destroyed by several officers of the law, some of whom testified as state witnesses. The still was in full operation with fire under it and whisky running from the still into a container. More than 25 gallons of whisky were found at the still, and there were also large quantities of beer, several barrels, from which the whisky was being made.

■ There was direct and positive evidence of at least two witnesses that this appellant was one of the three men busily engaged in the operation of the still. He strenuously denied this, and insisted that at the time in question he was at his own home with several others engaged in a card game. His several witnesses gave evidence of like effect. This conflict in the testimony presented a question for the jury to determine, and after due deliberation the jury returned a verdict of guilty as charged in the first count of the indictment, in line with which the court duly sentenced him to serve a short indeterminate term of imprisonment in the penitentiary.

Upon this appeal several insistences of error are urged.

■■ The first is based upon the refusal of the court to give his special written charge, to wit: "Gentlemen of the jury, if you have a reasonable doubt of the testimony of the witness Wilson, then you will acquit this defendant."

This charge was properly refused. There were other witnesses who testified in behalf of the state; therefore the conviction in this case did not rest solely upon the testimony of witness Wilson. Moreover, the court in the oral charge properly stated the law relative to the duty of the jury in weighing the testimony of the several witnesses who testi-

fied. The witness Wilson was an officer of the law, and there was no testimony. even tending to show that he had any interest in the case other than to testify truthfully in connection therewith and to do his duty as such officer of the law. No effort, whatever, was made to impeach his testimony, and there is no phase of the evidence upon which the jury would have been justified in rejecting his testimony. A jury has no right to capriciously set aside the testimony of any witness, and while it is the province of the jury to weigh the evidence and accord to the testimony such credibility to which in their judgment it may be entitled, yet no jury has the right to ruthlessly discard the testimony of a witness whose evidence has not been attacked directly or indirectly, and certainly so as here, where the undisputed testimony disclosed that witness Wilson had no pecuniary interest in the result of the trial, or other interest except as stated hereinabove.

■ The court refused the following charge, and this action is presented by appellant as proposition No. 2. The charge reads: "Gentlemen of the jury, when a person has proven, or sought to establish an alibi, this alibi is enough alone to establish a reasonable doubt of the defendant's guilt." In connection with the presentation of this question appellant's counsel indulges no discussion nor cites authority. The refused charge is so patently bad no discussion of the court's action in refusing it is necessary. There is no rule of evidence to the effect that when a person charged with crime "sought to establish an alibi," this alone is sufficient to establish a reasonable doubt of the defendant's guilt.

Proposition 3 relates to the action of the court in overruling defendant's motion for a new trial. It is here insisted that the court coerced the verdict of the jury by trying to induce them to hurry a verdict in this case. The evidence adduced upon this question in the court below not only fails to establish the allegation, but, to the contrary, clearly shows that nothing occurred in this connection at which appellant could properly complain. The evidence affirmatively disclosed that this insistence was unfounded and without merit, and that nothing occurred which even tended to impair the substantial rights of the accused. The motion was properly overruled.

■ The question presented in proposition No. 4 relates to matters of the res gestæ. Where this is true and where it appears clearly that the alleged incriminatory statements of the defendant were voluntary, a predicate for the admission of such statement is not necessary.

Propositions 5 and 6 are so clearly without merit they need not be discussed.

No error appears, and the record proper being regular in all things, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.